Filed 3/2/16  P. v. Perryman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CALVIN PERRYMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B264072<br>(Super. Ct. No. 2011001901)<br>(Ventura County) |

The trial court reduced Calvin Perryman's conviction for grand theft of a person to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act ("the Act") and continued him on postrelease community service (PRCS). (Pen. Code, §§ 487, subd. (c), 1170.18, 3451.)[1]  PRCS is not authorized because Perryman's offense is now a misdemeanor.  But he is subject to supervised parole under the Act unless the trial court decides to release him.  Perryman appeals the order continuing him on PRCS.  We reverse and remand to allow the trial court to exercise its discretion concerning Proposition 47 parole.

BACKGROUND

In February 2012, Perryman completed a prison term for grand theft of a person and was placed on PRCS.  Three years later, while still on PRCS, he filed an application to have his offense designated as a misdemeanor.  (§§ 1170.18, 490.2.)

---

[1] All statutory references are to the Penal Code.

The trial court granted Perryman's application, reducing the offense to a misdemeanor. It denied the prosecutor's request to impose one year of supervised parole under the Act, and it continued Perryman on PRCS. The trial court stated, "[I]n the Court's view, it is a reclassification only, not a resentence, as he has finished his two-year custody sentence. . . . [W]e don't have any case authority on the subject yet. But the Court's position . . . is that his [PRCS] supervision is not part of his original sentence; and, therefore, he is not eligible for resentencing. He's eligible for reclassification . . . . So he will continue on [PRCS]."

## DISCUSSION

In 2014, the voters enacted Proposition 47, which reclassifies certain crimes from felonies to misdemeanors. A person who is "currently serving a sentence" for a felony offense that would be a misdemeanor under the Act may petition for a recall of sentence and resentencing under the Act. (§ 1170.18, subd. (a).) Upon resentencing, he or she "shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court . . . releases the person from parole." (*Id.*, subd. (d).) On the other hand, a person "who has completed his or her sentence" for a felony offense that would have been a misdemeanor under the Act may petition to have the offense reclassified as a misdemeanor and is not subject to Proposition 47 parole. (§ 1170.18, subd. (f).) If a petition for relief under Proposition 47 is granted, the offense becomes a misdemeanor "for all purposes." (§ 1170.18, subd. (k).)

Perryman's conviction for grand theft is reclassified as a misdemeanor under the Act. He is not subject to PRCS because the offense is a now a misdemeanor for all purposes. (§§ 1170.18, subd. (k), 490.2.) PRCS applies only to "felony" offenses. (§ 3451.)

Perryman is subject, however, to supervised parole under the Act, unless the trial court releases him. (§ 1170.18, subd. (d).) He did not complete his sentence when he was released from prison. His "sentence" included his unfinished PRCS term. (§ 3000, subd. (a)(1).) Section 3000, subdivision (a)(1) provides: "A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a

2

period of parole supervision or [PRCS], unless waived, or as otherwise provided in this article."   A felon on PRCS is still serving his or her felony sentence.  (*People v. Nuckles* (2013) 56 Cal.4th 601, 609.)  Perryman was "currently serving a sentence" when he requested relief under the Act, and is subject to supervised parole unless the court in its discretion releases him.  The record establishes that the trial court was unaware of its discretion concerning parole.

The prosecutor did not forfeit its contention that Perryman is subject to supervised parole.  At the hearing on Perryman's petition, the prosecutor stated, "[I]t is the People's request to put Mr. Perryman on one year of misdemeanor parole.  It is the People's position that he is still serving his sentence and that his [PRCS] time is also part of his sentence pursuant to *People v. Nuckles*."

DISPOSITION

The order is reversed.  We remand to the trial court for further proceedings consistent with this opinion.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

3

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.